UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5537-AG (VBKx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | IAN MCCOWN v. CITY OF FONTANA, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Not Present | Not Present | | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION FOR INTEREST ON ATTORNEY FEES [Dkt #194 and 202]

Before the Court is Plaintiff Ian McCown's ("Plaintiff") Motion for Interest on Attorney Fees ("Motion"). The parties originally briefed this Motion in April 2010. The Court deferred ruling until the final appeal on the issue of attorney fees was concluded. A ruling is now appropriate.

The Court GRANTS the Motion.

## PRELIMINARY MATTER

When the original Motion was first filed, Defendants asked the Court to strike Plaintiffs' reply. Plaintiff stated that he would not oppose a sur-reply from Defendants, but Defendants chose not to file. The Court now finds that it is in the interests of justice to consider all papers filed.

## BACKGROUND

This is a Section 1983 civil rights case. The parties settled this case for $20,000, and stipulated that Plaintiff was the prevailing party under Section 1988. 42 U.S.C. § 1988(b). Under Section 1988, the "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." *Id.*

On May 25, 2007, the Court issued its first Order granting Plaintiff's Motion for Attorney Fees. The Court awarded $200,000 in fees and $15,034.10 in costs ("2007 Award"). The Ninth Circuit reversed and remanded on May 6, 2009. On March 31, 2010, this Court issued it second Order regarding fees, this time granting $148,250 in fees and $15,034.10 in costs ("2010 Award"). The Court also requested additional briefing on the issue of interest on attorney fees, but ultimately declined to rule on the issue until after the appeal. On January 18, 2012, the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5537-AG (VBKx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | IAN MCCOWN v. CITY OF FONTANA, ET AL. | | |

Circuit affirmed the 2010 Award.

The Court now returns to the issue of interest.

## ANALYSIS

Plaintiff requests interest on two grounds.

First, Plaintiff argues that he is entitled to interest under 42 U.S.C. § 1988 because of the lengthy litigation delay. As part of the lodestar analysis, a court may grant interest on attorney fees when the historical rates the attorney actually charged the client are now below-market and thus no longer "reasonable" under Section 1988. *See, e.g., Barjon v. Dalton*, 132 F.3d 496, 503 (1997) (finding that interest was not required after seventeen-month delay); *Corder v. Brown*, 25 F.3d 833, 838 (9th Cir. 1994). This line of cases does not properly apply to Plaintiff's request, although Plaintiff cited them in his Motion. In those cases, the fee enhancement is akin to an award of *pre-judgment* interest calculated from the original date fees were incurred. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 284 (1989). Here, Plaintiff is merely requesting *post-judgment* interest, which does not require a showing of litigation delay. Even if this analysis was applicable to Plaintiff's request, the delay here is not so significant that it justifies a fee enhancement under 1988.

Second, Plaintiff claims that he should be entitled to interest because the 2010 Award is part of the judgment, and he is entitled to interest on the entire judgment under 28 U.S.C. § 1961. The Court agrees that Plaintiff is entitled to *post-judgment* interest on the amount of the 2010 Award under Section 1961. *See Friend v. Kolodzieczak*, 72 F.3d 1386, 1391-92 (9th Cir. 1995) (applying Section 1961 to attorney fees awarded under Section 1988).

Although Defendant does not contest that Plaintiff is entitled to post-judgment interest under Section 1961, the parties disagree about when the interest begins to run. Plaintiff argues that interest should run from May 25, 2007, when the 2007 Award was ordered. Defendants argue that interest should only run from March 31, 2010, when the 2010 Award was entered after remand.

Under current Ninth Circuit law, interest begins to accrue on the date the "entitlement to fees is secured," rather than the date that "the exact quantity of fees is set." *Id.; see also Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672, 674 (9th Cir. 1973) (post-judgment interest on federal cause of action is governed by federal law, federal law calculates post-judgment interest on attorney fees from date of initial entry, even if award is later modified on appeal); *compare American Tel. & Tel. v. United Computer Sys. Inc.*, 98 F.3d 1206, 1211 (9th Cir. 1996) (post-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5537-AG (VBKx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | IAN MCCOWN v. CITY OF FONTANA, ET AL. | | |

judgment interest runs from date of order on remand from appeal, if order entirely reverses judgment for one party in favor of other).

Applying Ninth Circuit law, Plaintiff is entitled to post-judgment interest on the 2010 Award beginning on May 25, 2007, because that is the date when he first became entitled to fees. The Ninth Circuit decision did not reverse that basic entitlement. It is not significant that the exact quantity of fees was not set until later.

**DISPOSITION**

Plaintiff's Motion is GRANTED. Plaintiff is entitled to interest on the amount of the 2010 Award under 28 U.S.C. § 1961. The interest will be calculated from May 25, 2007, the date that Plaintiff became entitled to fees.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |